**FIRESTONE TEXTILES COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Intervenor.**

No. 76–1305.

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Dec. 1, 1977.

Decided Dec. 28, 1977.

Wells T. Lovett, Lovett, Wible & Lamar, Mark R. Hutchinson, Owensboro, Ky., Thorley C. Mills, Jr., Asst. Counsel, The Firestone Tire & Rubber Co., Walter B. Connolly, Jr., Akron, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., for respondent.

Herbert L. Segal, Irwin H. Cutler, Jr., Segal, Isenberg, Sales, Stewart & Nutt, Louisville, Ky., for intervenor.

Before ENGEL and KEITH, Circuit Judges, and MARKEY, Chief Judge, United States Court of Customs and Patent Appeals *.

## ORDER

This matter is before the court upon a petition for review by the Firestone Textiles Company and a cross-petition for enforcement of an order of the National Labor Relations Board requiring the Company to bargain collectively with the intervenor International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, at Firestone's plant in Bowling Green, Kentucky. Following the election, held on September 25–26, 1974, which the Union won by a narrow margin, Firestone filed timely objections and asked that the election be set aside and that a new election be ordered.

With its objections the Company filed affidavits of numerous witnesses to support its claims that misconduct occurred in the course of the election which destroyed the laboratory conditions necessary for a free and fair election. Without granting a hearing on the charges, the Regional Director determined that the Company's objections in their entirety did not raise substantial and material issues and thus did not require a hearing for resolution. The Board affirmed, Member Kennedy dissenting. In a subsequent unfair labor practice proceeding, the Board entered an order requiring the Company to bargain with the Union. 222 NLRB No. 191 (1976).

Upon a careful review of the record, the court is of the opinion that the objections filed by the Company were sufficiently specific and substantial and were sufficiently supported by the specific affidavits relating to alleged misconduct at the time of the elections as to have required the holding of a hearing on the issues so raised, and that the failure to grant such a hearing was consequently an abuse of discretion. Accordingly,

IT IS ORDERED that enforcement of the bargaining order is denied and the case is remanded to the Board with directions to hold a hearing to resolve the issues which are raised by the Company's objections.

KEITH, Circuit Judge, dissents.

He would hold that the decision to deny a hearing was properly within the discretion of the Board and that accordingly the order of the Board should be enforced.

---

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.